UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSEPH J. BELILE,

                              Plaintiff,

    -against-                                   9:15-CV-0198 (LEK/DEP)

TIMOTHY AMO, *et al.*,

                              Defendants.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on August 18, 2016, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 38 ("Report-Recommendation"). Defendants Timothy Amo and Robert Rusaw timely filed Objections. Dkt. No. 40 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 & 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and

clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).

## III. DISCUSSION

Defendants' sole objection to the Report-Recommendation is that it fails to give dispositive weight to the fact that Plaintiff suffered apparently de minimis injuries. Objs. at 1. Defendants argue that "when a plaintiff asserts a claim for excessive force, but suffers only a *de minimus [sic]* injury, their claim fails as a matter of law." Id. The Court first notes that Defendants raised the same argument when they moved for summary judgment. Then, they claimed that the "type of *de minimis* force and injury [at issue in this case] cannot support [Plaintiff's] claim." Dkt. No. 26-10 ("Memorandum of Law") at 10. Indeed, the "Argument" section of Defendants' Objections appears to be copied almost verbatim from the Memorandum of Law Defendants filed when moving for summary judgment. Because Defendants merely reiterate an argument that they previously made to Judge Peebles, the Court reviews Defendants' Objections for clear error. Barnes, 2013 WL 1121353, at *1.

Defendants are simply wrong that courts are required to reject excessive force claims that arise from apparently de minimis injuries. The Supreme Court has explicitly rejected this bright-line approach to excessive force claims, holding instead that courts must ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

2

cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). In Wilkins, the Supreme Court refused to give "decisive weight to the purportedly *de minimis* nature of [the plaintiff's] injuries." 559 U.S. at 38. Courts must not assume that "the absence of 'some arbitrary quantity of injury' requires automatic dismissal of an excessive force claim." Id. at 39 (quoting Hudson, 503 U.S. at 9). Judge Peebles found that a reasonable factfinder could conclude that Amo's use of force against Plaintiff was malicious. Rep.-Rec. at 16. This finding was based on Plaintiff's version of events, in which Amo responded to Plaintiff's alleged disrespect toward him by storming into Plaintiff's cell and punching him in the face multiple times. Id. Judge Peebles acknowledged the apparently de minimis nature of Plaintiff's injuries, which included "a small laceration or bruise under his left eye," id., but emphasized that the extent of Plaintiff's injuries is simply one factor to be considered, id. This analysis of Plaintiff's excessive force claim is in keeping with the guidance provided by the Supreme Court in Wilkins. The Court therefore finds no clear error in Judge Peebles's refusal to give dispositive weight to Plaintiff's apparently de minimis injuries.

The one portion of Defendants' Objections that is not taken directly from their Memorandum of Law is the discussion of White v. Williams, No. 12-CV-1775, 2016 WL 4006461 (N.D.N.Y. June 22, 2016), a recent case in which the court rejected a plaintiff's excessive force claim. Objs. at 9–10. Defendants claim that White shows that de minimis injuries cannot as a matter of law give rise to excessive force claims. Id. The problem is that White is easily distinguishable from this case. Unlike in White, where the plaintiff suffered no visible injuries, 2006 WL 4006461, at *9, here there is no dispute that a laceration or bruise was visible under Plaintiff's left eye after the incident, Rep.-Rec. at 15. More importantly, while the plaintiff

3

in White alleged that one of the defendants punched him in his cell, there was no dispute that, if a punch did in fact occur, this was done "in response to Plaintiff's failure to comply with orders to put his hands out of the [cell door] hatch [for purposes of a cell search]." 2006 WL 4006461, at *9. This use of force is materially less malicious than that alleged by Plaintiff in this case, in which, if Plaintiff is to be believed, Amo punched Plaintiff in the face several times simply for showing disrespect. Rep.-Rec. at 16. Therefore, White does not support Defendants' understanding of this aspect of excessive force claims. Rather, it is a good example of the approach mandated by Wilkins, which counsels courts to focus on the nature of the force used rather than the extent of the injuries suffered. See 559 U.S. at 38 ("Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts."). Defendants' discussion of White does not disturb the Court's conclusion that there is no clear error in Judge Peebles's treatment of this issue.

The Court has reviewed the remainder of the Report-Recommendation for clear error and has found none.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 38) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 26) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Defendants in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 20, 2016
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge